IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RUBYN MARTIN )
)
v. ) NO. 3:07-1103
)
THE METROPOLITAN GOVERNMENT )
OF NASHVILLE AND DAVIDSON )
COUNTY, et al. )

TO: Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By Order entered November 29, 2007 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters and proposed findings of fact and recommendations for disposition of any dispositive motions.

Presently pending before the Court is the Motion (Docket Entry No. 10) for Summary Judgment of Defendants Willie Sydnor and the Metropolitan Government of Nashville and Davidson County, to which Plaintiff has filed a response (Docket Entry Nos. 21-22)[1]. Also before the Court is Defendants' Reply (Docket Entry Nos. 26-27).

For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] One of the filings made by Plaintiff in response to the motion for summary judgment is styled as "motion of discovery" (Docket Entry No. 21). It requests production of discovery and also contains argument and evidence related to the substantive merits of Plaintiff's claim. Accordingly, the Court views the filing as part of Plaintiff's response in opposition, in addition to being a discovery motion.

## I. BACKGROUND

Plaintiff filed this lawsuit pro se in the Davidson County Circuit Court on June 21, 2007, against the Metropolitan Government of Nashville and Davidson County ("Metro"), Willie Sydnor ("Sydnor"), and Jerry Bell ("Bell"). On November 8, 2007, the action was removed to this Court pursuant to 28 U.S.C. § 1441(c).

On June 21, 2006, Plaintiff alleges that he was a prisoner in the custody of Defendants Bell and Sydnor, who were correctional officers employed by the Davidson County Sheriff's Department, and that he was transported to the A.A. Birch Building for a court appearance on pending criminal charges. His brother, Edwin Martin, was in a holding cell into which Plaintiff was going to be placed. Plaintiff alleges that he immediately told Defendants Bell and Sydnor that he had an outstanding protective order against his brother and feared for his life if he were placed in the cell with his brother but that Defendants Bell and Sydnor disregarded this information and he was placed in the cell. Plaintiff alleges that he was almost immediately thereafter assaulted by his brother, suffering severe physical injuries, and that neither Defendant Bell nor Defendant Sydnor, nor any other correctional officer, came to his assistance despite his pleas for help.

Based upon these events, Plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his civil rights, a claim under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§ 29-20-201 et seq., and a claim under Tenn. Code Ann. § 8-8-302. Specifically, he contends that Bell and Sydnor, despite having specific knowledge of the risk to his safety caused by his brother, were negligent, grossly negligent, and deliberately indifferent to this risk when they placed him in the same holding cell as his brother. Plaintiff further contends that Metro failed to formulate a policy to govern its correctional officers in situations where an inmate possesses a valid protective

order or to adequately train and/or supervise its correctional officers. Plaintiff seeks compensatory and punitive damages.

At the time of removal, Defendants Metro and Sydnor had been served with process, and these two defendants subsequently answered the complaint. <u>See</u> Docket Entry No. 3. A scheduling order (Docket Entry No. 5) was entered on December 11, 2007, setting out deadlines for pretrial activity in the action. The record does not show that Defendant Bell has been served with process in the action.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant Sydnor contends that Plaintiff admits in his deposition that Bell was the only correctional officer who escorted him to the holding cell and placed him in the cell with his brother and that Defendant Sydnor only became involved when Sydnor intervened to stop the altercation. <u>See</u> Plaintiff's Deposition (Docket Entry No. 10-1), at 58-61 and 83-84. Defendant Sydnor argues that these undisputed facts show that there is no support for the allegation that he violated Plaintiff's civil rights by acting with deliberate indifference to a safety risk. Defendant Sydnor contends that he is entitled to qualified immunity from any damage claims brought under 42 U.S.C. § 1983. Defendant Metro similarly argues that there is no evidence supporting a claim against it under 42 U.S.C. § 1983 based upon theories of municipal liability or a failure to adequately train its officers.

With respect to Plaintiff's state law claims, Defendants argue that the Court should decline to exercise supplemental jurisdiction over these claims. Alternatively, Defendants argue that they are entitled to a judgment on the merits because the evidence before the Court does not support the state law claims.

Plaintiff responds by asserting that a surveillance camera at the building should have captured the events at issue on a videotape and he requests a copy of the tape. See Docket Entry No. 21. He further argues that Defendant Sydnor watched the assault take place for fifteen minutes before intervening and that Defendant Bell was fired by Metro as a result of the incident. See Docket Entry No. 22. With respect to Defendant Metro, Plaintiff essentially sets forth the same allegations in his complaint. Id.

In their reply, Defendants Sydnor and Metro assert that the Davidson County Criminal Court had relocated to the A.A. Birch Building two days before the incident in question and that the surveillance cameras were not yet operational on June 21, 2006. See Docket Entry No. 23. They further contend that Plaintiff's response in opposition does not set forth any argument or evidence which warrants the denial of summary judgment in their favor. See Docket Entry Nos. 26-27.

### III. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations

contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material, and the dispute must be genuine. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248.

## IV. CONCLUSIONS

A. 42 U.S.C. § 1983 Claims

Based upon the evidence before the Court, no reasonable jury could find in favor of Plaintiff on his civil rights claims brought against Defendants Sydnor and Metro and these claims should be dismissed with prejudice on the merits.

1. Defendant Metro

Summary judgment should be granted to Defendant Metro on Plaintiff's Section 1983 claims. City or county governments are subject to suit under Section 1983. Monell v. Dep't of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, respondeat superior and vicarious liability do not apply in a Section 1983 claim against such a defendant and the governmental entity cannot be held liable merely because one of its employees has committed a constitutional violation. Gregory v. Shelby County, 220 F.3d 433, 441 (6th Cir. 2000) (citing Monell, supra); Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir. 1988). In Monell, the

5

Supreme Court held that a municipality can be found liable under Section 1983 where a policy of the municipality itself causes the constitutional violation at issue. The Supreme Court said, "[i]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694.

The plaintiff must show that the governmental entity was the "moving force" behind the violation of the constitutional rights at issue. City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (quoting Monell, 436 U.S. at 694). The plaintiff "must show that the [County's] action was taken with the requisite degree of culpability and must demonstrate a direct casual link between the [County's] action and the deprivation of federal rights." Gregory, 220 F.3d at 442 (quoting Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). Plaintiff has not set forth evidence showing that the actions of Bell, even if assumed to be true, occurred because of a policy or regulation of Defendant Metro.

Similarly, although Plaintiff states in his complaint that Metro failed to properly train its correctional officers or enact sufficient policies ensuring the protection of inmates who have protective orders, see Complaint, at ¶ 16, this assertion is conclusory and is not supported by any actual evidence. The Sixth Circuit Court of Appeals has formulated a three-part test which requires that "[t]o succeed on a failure to train or supervise claim [under a § 1983 theory], the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." Ellis v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 700 (6th Cir. 2006). Plaintiff has not produced any evidence which satisfies this standard.

Although pro se complaints are held to less stringent standards than complaints prepared by attorneys, the Court cannot conjure up facts to support conclusory allegations, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and Plaintiff is not entitled to a trial based upon unsupported allegations. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). The lack of supporting evidence for Plaintiff's claim against Defendant Metro makes it appropriate for summary judgment in favor of Defendant Metro. See Celotex Corp., 477 U.S. at 327.

### 2. Official Capacity Claims Against Defendant Sydnor

Plaintiff names Defendant Sydnor in his official capacity, as well as his individual capacity. The claim against Sydnor in his official capacity is essentially a claim against Metro. When an official of a county or city municipality is sued in his official capacity, the suit is viewed as a suit brought directly against the county or local municipality itself. See Frost v. Hawkins County Bd. of Educ., 851 F.2d 822, 827 (6th Cir. 1988). Because the Court finds that summary judgment should be granted to Metro, the official capacity claim against Defendant Sydnor should likewise be dismissed.

### 3. Individual Capacity Claims Against Defendant Sydnor

Defendant Sydnor asserts that he is entitled to qualified immunity from Plaintiff's Section 1983 claim. This defense shields government officials performing discretionary functions from liability for civil damages unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person in the official's position would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Gardenhire v.

7

Schubert, 205 F.3d 303, 310-11 (6th Cir. 2000). The qualified immunity analysis requires a step-by-step inquiry. The Court must first determine whether a constitutional violation has occurred. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Sigley v. City of Parma Heights, 437 F.3d 527, 537 (6th Cir. 2006); Jackson v. Leighton, 168 F.3d 903, 909 (6th Cir. 1999). If the Court finds that no violation has occurred, then the case must be dismissed at this threshold stage. Saucier, 533 U.S. at 201. As set out below, the Court finds that the evidence does not support a finding that Defendant Sydnor violated Plaintiff's constitutional rights. Accordingly, Defendant Sydnor is entitled to qualified immunity.

The only Section 1983 claim asserted against Defendant Sydnor in the complaint is that Sydnor, despite having knowledge that Plaintiff had a protective order against his brother and that Plaintiff was fearful that his brother would attack him, nonetheless placed the Plaintiff in a holding cell with his brother and, thus, was deliberately indifferent to a significant risk to Plaintiff's safety. See Complaint, at ¶ 17. In order to establish a claim of deliberate indifference, the plaintiff must set forth evidence which shows that the official being sued perceived facts from which to infer a substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

The undisputed evidence before the Court shows that Defendant Sydnor was neither involved in any manner in placing Plaintiff into the holding cell with his brother nor told by Plaintiff about either the protective order or that Plaintiff was fearful of being in contact with his brother. A defendant cannot be held liable under Section 1983 absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Hardin v. Straub,

8

954 F.2d 1193, 1196 (6th Cir. 1992). Further, the evidence before the Court fails to satisfy the requirements of Farmer and Comstock for a claim that Defendant Sydnor was deliberately indifferent to the risk to Plaintiff's safety caused by contact with his brother.

In his response in opposition, Plaintiff argues that Defendant Sydnor saw the altercation yet "watched Plaintiff take a brutal beating for fifteen minutes." See Docket Entry No. 22, at 2. For several reasons, this statement fails to raise a genuine issue of material fact which requires the denial of summary judgment to Defendant Sydnor. First, the activity attributed to Defendant Sydnor occurred subsequent to Plaintiff's being placed in the holding cell and, even if true, does not support the claim alleged in the complaint. Second, Plaintiff's allegation that Defendant Sydnor watched Plaintiff being assaulted for fifteen minutes is not made in an affidavit or other verified statement. Factual statements must be submitted in the form of an affidavit which has been sworn to by the affiant, a statement submitted under the penalty of perjury in accordance with 28 U.S.C. § 1746, deposition testimony, or answers to discovery requests. Factual statements not in these forms should be disregarded by the Court. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 969 (6th Cir. 1991). Finally, the allegation is not supported by any other admissible evidence which is already before the Court and is not supported by the Plaintiff's own deposition testimony, which does not include any testimony from Plaintiff that Defendant Sydnor watched the assault take place for fifteen minutes before attempting to intervene. Despite being specifically asked to recount how Defendant Sydnor was involved in the events, Plaintiff failed to make any mention of Defendant Sydnor watching the assault occur for fifteen minutes before intervening. See Plaintiff's Deposition (Docket Entry No. 10-2), at 83-84.

9

Plaintiff has not presented evidence which, even if viewed in the light most favorable to him, supports the claim that Defendant Sydnor acted with deliberate indifference toward a risk to Plaintiff's safety. Accordingly, summary judgment should be granted to Defendant Sydnor.

B. Defendant Bell

In an Order entered April 21, 2008 (Docket Entry No. 9), the Court noted that Defendant Bell had not been served with process, that counsel for Defendants Metro and Sydnor did not represent Bell, and that Bell was subject to dismissal in accordance with Rule 4(m) of the Federal Rules of Civil Procedure because he had not been served with process. There is no indication in the record that Defendant Bell has been served with process, and no appearance has been entered on his behalf.

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendants or order the service be made within a specified time

The complaint in this action was filed on June 21, 2007, and Defendant Bell has not been served with process. Accordingly, the claims against Defendant Bell should be dismissed without prejudice under Rule 4(m).

C. State Law Claims

The Court's jurisdiction over Plaintiff's state law claims is based upon the assertion of supplemental jurisdiction under 28 U.S.C. § 1367(a). However, upon the dismissal of Plaintiff's Section 1983 claims, the Court no longer has original jurisdiction over any of the claims asserted

10

by Plaintiff in this action and the provisions of 28 U.S.C. § 1367(c) apply.  This section provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if --
>
> . . . .
>
> (3) the district court has dismissed all claims over which it has original jurisdiction,

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal law claims asserted in an action is left to the broad discretion of the Court.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir. 1996).  In considering whether to continue to exercise supplemental jurisdiction over such state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in Cohill, 484 U.S. at 350-51, and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).  These factors include judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 350.  Although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial.  Musson, 89 F.3d at 1254-55 (gathering cases from the Sixth Circuit Court of Appeals which follow the general rule).

In the instant action, the balance of factors weighs in favor of dismissal of Plaintiff's state law claims without prejudice so that they can be pursued in the state courts.  The remaining claims involve issues of state law which are best resolved by the state courts, and this action has not proceeded to the point that remanding the case back to the state courts would prejudice either party.

11

Case 3:07-cv-01103   Document 29   Filed 12/15/08   Page 11 of 12 PageID #: 203

## **R E C O M M E N D A T I O N**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) Defendant Jerry Bell be DISMISSED from the action WITHOUT PREJUDICE under Rule 4(m) of the Federal Rules of Civil Procedure because he has not been served with process;

2) the Motion (Docket Entry No. 10) for Summary Judgment be GRANTED with respect to Plaintiff's claims brought under 42 U.S.C. § 1983 and that these claims be DISMISSED WITH PREJUDICE; and

3) the Motion (Docket Entry No. 10) for Summary Judgment be GRANTED with respect to Plaintiff's state law claims to the extent that Defendants request that the Court decline to exercise jurisdiction over these claims. Plaintiff's state law claims should accordingly be REMANDED back to the Circuit Court for Davidson County, Tennessee.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge